Nos. 13-2235(L), 13-2252, and 13-2325

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

CSX TRANSPORTATION, INCORPORATED,

Plaintiff-Appellee/Cross-Appellant,

v.

ROBERT N. PEIRCE, JR.; LOUIS A. RAIMOND; RAY A. HARRON, Dr.,

Defendants-Appellants/Cross-Appellees,

and

ROBERT V. GILKISON; PEIRCE, RAIMOND & COULTER, PC, a/k/a Robert Peirce & Associates, P.C., a Pennsylvania Professional Corporation; JOHN DOE(S); MARK T. COULTER,

Defendants,

RICHARD CASSOFF, M.D.,

Party-in-Interest,

LUMBERMENS MUTUAL CASUALTY COMPANY,

Intervenor.

Appeals from the United States District Court
for the Northern District of West Virginia
in Case No. 5:05-cv-00202-FPS-JES (Stamp, J.)

**JOINT MOTION TO PROCEED USING DEFERRED APPENDIX**

Pursuant to Federal Rule of Appellate Procedure 30(c), Plaintiff-Appellee/Cross-Appellant CSX Transportation, Inc. and Defendants-Appellants/Cross-Appellees Robert N. Peirce, Jr., Louis A. Raimond, and Ray A. Harron jointly move for an order providing for the use of a deferred appendix in these consolidated appeals.

In support of this motion, the parties state as follows:

1. Under Federal Rule of Appellate Procedure 30(c)(1), "[t]he [C]ourt may provide * * * by order in a particular case that preparation of the appendix may be deferred until after the briefs have been filed and that the appendix may be filed 21 days after the appellee's brief is served."

2. The use of a deferred appendix is appropriate in these appeals to avoid burdening the Court with an excessive and unnecessary amount of record material and to allow the parties "to refer easily to relevant parts of the record and save[] * * * the considerable expense of reproducing the entire record" (4th Cir. R. 30(b)(1)).

3. The record in this case is voluminous. The case was filed more than eight years ago, and the district-court docket lists 1,672 entries containing a total of 53,236 pages.

4. In a previous appeal to this Court decided in 2010, the appendix in this case spanned 2,101 pages across three volumes. *See CSX Transp., Inc. v. Gilkison*, No. 09-2135. Following remand, the parties engaged in extensive discovery, and the district court conducted an eight-day jury trial featuring 35 witnesses and approximately 150 exhibits. *See* Dist. Ct. Dkt. No. 1554. The parties believe that the volume of record material potentially relevant to the present appeals is greater than it was in the 2010 appeal.

5. Until appellants' principal brief and appellee/cross-appellant's principal/response brief are filed, it will not be clear to opposing counsel which issues are being raised in these appeals or which portions of the record will be necessary to respond to the issues. Consequently, if the appendix were not deferred and remained due at the same time as appellants' principal brief (*see* Fed. R. App. P. 30(a)(3)), the parties would need to designate large portions of the record that might prove unnecessary once the issues were finalized. Conversely, if the designations did not prove to be sufficiently inclusive, the parties might need to later seek leave to supplement the appendix to include parts of the record that were previously omitted. *Cf.* 4th Cir.

R. 30(b) ("citation to portions of the record not included in the appendix is not favored").

6. These burdens may be avoided through the use of a deferred appendix. Filing the appendix after the parties have submitted their briefs will allow the parties to include only those materials actually necessary for the Court to resolve the issues raised in these appeals.

7. Under the briefing order issued by this Court on November 7, 2013, appellants' principal brief and the appendix are currently due on January 24, 2014; appellee/cross-appellant's principal/response brief is currently due on February 28, 2014; appellants/cross-appellees' response/reply brief is currently due on March 31, 2014; and cross-appellant's reply brief is currently due 14 days from service of appellants/cross-appellees' response/reply brief.

8. If the use of a deferred appendix is authorized, the current deadlines for the parties to file their briefs will remain the same, except that the parties will submit "page-proof" briefs with citations directly to the record. After the appendix is finalized and filed, the parties will submit "final form" copies of each brief, with references to the

appropriate pages of the appendix in place of or in addition to the citations to the record.  *See* Fed. R. App. P. 30(c)(2); 4th Cir. R. 31(d).

9. Under Rule 30(c)(1), in a deferred-appendix appeal, "the appendix may be filed 21 days after the appellee's brief is served."  The rule is not clear on when a deferred appendix must be filed in a case involving a cross-appeal.  The parties submit that the deferred appendix should be due 21 days after appellants/cross-appellees' response/reply brief is served.  This would make the appendix due 21 days after the second-to-last brief in the case is served (and 7 days after the last brief is due), the same as it would be in a case with no cross-appeal.  "Final form" copies of all four briefs would then be filed 14 days after the appendix is filed.  *See* Fed. R. App. P. 30(c)(2)(B).

10. All parties to the above-captioned appeals join in this motion.

WHEREFORE, the undersigned parties respectfully request that the Court grant this motion and issue an order providing for the use of a deferred appendix in these appeals.

5

Dated:  January 10, 2014

/s/  *David J. Berardinelli*\*
Walter P. DeForest
David J. Berardinelli
Matthew S. McHale
DEFOREST KOSCELNIK YOKITIS
   SKINNER & BERARDINELLI
Koppers Building, 30th Floor
463 Seventh Avenue
Pittsburgh, PA 15219
(412) 227-3100

*Counsel for Defendants-Appellants/*
   *Cross-Appellees Robert N. Peirce,*
   *Jr. and Louis A. Raimond*

/s/  *Jerald E. Jones*\*
Jerald E. Jones
WEST & JONES
P.O. Box 2348
Clarksburg, WV 26302
(304) 624-5501

*Counsel for Defendant-Appellant/*
   *Cross-Appellee Ray A. Harron*

\*  By consent, per Fourth Circuit
   Rule 25(a)(9).

Respectfully submitted,

/s/  *Dan Himmelfarb*
Dan Himmelfarb
Scott M. Noveck
Jason R. LaFond
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
(202) 263-3000

*Counsel for Plaintiff-Appellee/*
   *Cross-Appellant*
   *CSX Transportation, Inc.*

6

## CERTIFICATE OF SERVICE

I certify that on this 10th day of January, 2014, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ *Dan Himmelfarb*
Dan Himmelfarb
*Counsel for Plaintiff-Appellee/*
   *Cross-Appellant*
   *CSX Transportation, Inc.*